**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ACQIS LLC, <br><br>              Plaintiff, <br><br> v. <br><br> EMC Corporation, <br><br>              Defendant. | Civil Action No. 6:13-cv-00639-LED <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT EMC CORPORATION'S ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant EMC Corporation ("EMC" or "Defendant"), by and through its attorneys, respectfully submits this Answer and Affirmative Defenses to the First Amended Complaint ("FAC") (D.I. 7) of Plaintiff ACQIS LLC ("ACQIS" or "Plaintiff").

The headings below track those used in the FAC and are for convenience only. They do not constitute any part of EMC's Answer to the FAC or any admission by EMC as to the truth of the matters asserted. EMC further states that anything in the FAC that is not expressly admitted is hereby denied.

## ANSWER TO FIRST AMENDED COMPLAINT

### The Parties

1.      EMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1, and therefore denies these allegations.

2.      EMC admits that it is a corporation organized under the laws of Massachusetts, having its principal place of business at 176 South Street, Hopkinton Massachusetts 01748.

1

EMC admits that its agent for service of process in Texas is CT Corporation System, 350 N. St. Paul St., Suite 2900, Dallas TX, 75201-4234.

## Jurisdiction and Venue

3.      Paragraph 3 alleges legal conclusions to which no response is required, and therefore EMC denies these allegations.  To the extent a response is required, EMC denies that ACQIS has stated a legally sufficient claim for patent infringement, and further specifically denies any infringement.

4.      Paragraph 4 alleges legal conclusions to which no response is required, and therefore denies these allegations.  To the extent a response is required, EMC admits that this Court has jurisdiction over claims for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      EMC does not contest that the Court has personal jurisdiction over it for the purposes of this action.  EMC admits that it maintains offices in the State of Texas, but none in the Eastern District of Texas.  EMC further admits that it has designated an agent for service of process and that it is registered as a Foreign-For-Profit Corporation in the State of Texas.  Except as expressly admitted, EMC denies the remaining allegations of Paragraph 5, and specifically denies that it has committed any wrongdoing or infringement.

6.      EMC does not contest that venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and 1400(b) for purposes of this action, but denies that it is a convenient forum for EMC.  EMC reserves the right to move to transfer this case to a more convenient forum.

## The Patents-in-Suit

7.      EMC admits that Exhibit A to Plaintiff's FAC purports to be a copy of U.S. Patent No. 7,363,416 ("the '416 Patent"), titled "Computer System Utilizing Multiple Computer

Modules with Password Protection," and naming William W.Y. Chu as an inventor and bearing an issue date of April 22, 2008.  EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7, and therefore denies these allegations.

8.      EMC admits that Exhibit B to Plaintiff's FAC purports to be a copy of U.S. Patent No. 7,676,624 ("the '624 Patent"), titled "Multiple Module Computer System and Method Including Differential Signal Channel Comprising Unidirectional Serial Bit Channels," and naming William W.Y. Chu as an inventor and bearing an issue date of March 9, 2010.  EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 8, and therefore denies these allegations.

9.      EMC admits that Exhibit C to Plaintiff's FAC purports to be a copy of U.S. Patent No. 7,818,487 ("the '487 Patent"), titled "Multiple Module Computer System and Method Using Differential Signal Channel Including Unidirectional, Serial Bit Channels," and naming William W.Y. Chu as an inventor and bearing an issue date of October 19, 2010.  EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore denies these allegations.

10.      EMC admits that Exhibit D to Plaintiff's FAC purports to be a copy of U.S. Patent No. 8,041,873 ("the '873 Patent"), titled "Multiple Module Computer System and Method Including Differential Signal Channel Comprising Unidirectional Serial Bit Channels to Transmit Encoded Peripheral Component Interconnect Bus Transaction Data," and naming William W.Y. Chu as an inventor and bearing an issue date of October 18, 2011.  EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies these allegations.

11.     EMC admits that Exhibit E to Plaintiff's FAC purports to be a copy of U.S. Patent No. RE41,294 ("the '294 Patent"), titled  "Password Protected Modular Computer Method and Device," and naming William W.Y. Chu as an inventor and bearing an issue date of April 27, 2010.  EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 11, and therefore denies these allegations.

12.     EMC admits that Exhibit F to Plaintiff's FAC purports to be a copy of U.S. Patent No. RE42,814 ("the '814 Patent"), titled "Password Protected Modular Computer Method and Device," and naming William W.Y. Chu as an inventor and bearing an issue date of October 4, 2011.  EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and therefore denies these allegations.

13.     EMC admits that Exhibit G to Plaintiff's FAC purports to be a copy of U.S. Patent No. RE43,171 ("the '171 Patent"), titled "Data Security Method and Device for Computer Modules," and naming William W.Y. Chu as an inventor and bearing an issue date of February 7, 2012.  EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13, and therefore denies these allegations.

14.     EMC admits that Exhibit H to Plaintiff's FAC purports to be a copy of U.S. Patent No. RE44,468 ("the '468 Patent"), titled "Data Security Method and Device for Computer Modules," and naming William W.Y. Chu as an inventor and bearing an issue date of August 27, 2013.  EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and therefore denies these allegations.

15.     EMC does not contest that the above patents be collectively referred to herein as the "Patents-in-Suit."

## Background Regarding Prior Litigation

16.     EMC admits that ACQIS filed suit against Appro International, Inc., Clearcube

Technology, Inc., Dell Inc., Fujistu Computer Systems, Corp., Hitachi America, Ltd., Hewlett-

Packard Co., International Business Machines Corp., NEC Corp. of America, Nexcom Inc., Sun

Microsystems, Inc., and Super Micro Computer, Inc. in April 2009 and that the matter was

docketed as *ACQIS LLC v. Appro Int'l, Inc.*, No. 6:09-cv-148-LED ("the 2009 litigation").  EMC

further admits that ACQIS purported to accuse defendants' blade server products of patent

infringement.  EMC further admits that at trial, the jury found that IBM infringed all of the

patent claims tried, and that none of the tried claims were invalid.  EMC further admits that in

October 2011, ACQIS filed a second suit against International Business Machines Corp.

("IBM"), and that ACQIS purported to accuse IBM's rack and tower server products of patent

infringement.  Except as expressly admitted, EMC lacks knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in Paragraph 16, and therefore denies

these allegations.

17.     EMC admits that the '416, '873, and '814 Patents all underwent reexamination.

EMC admits that the Patent and Trademark Office ("PTO") cancelled claims 40 and 42 of the

'814 Patent, and that claims 1-23 were previously cancelled.  EMC admits that the PTO

cancelled claims 1-3 of the '416 Patent.  EMC denies that the PTO confirmed that patentability

of all the claims under reexamination for the '873 Patent.  EMC lacks knowledge or information

sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and

therefore denies these allegations.

18.     EMC admits that the '416 Patent was asserted against IBM in the 2009 litigation

and that the '873 Patent was asserted against IBM in the October 2011 complaint filed against

IBM.  Except as expressly admitted, EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore denies these allegations.

19.    EMC admits that in the 2009 litigation, ACQIS purported to accuse blade server products of patent infringement.  EMC further admits that the infringement allegations in the FAC purport to be directed to modular computers.  Except as expressly admitted, EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and therefore denies these allegations.

## Modular Computer Systems

20.    EMC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies these allegations.

21.    EMC admits that its products include at least the Isilon Series Products and the Symmetrix V-Max products.  Except as expressly admitted, EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and therefore denies these allegations.

## First Cause of Action
## (Infringement of the '416 Patent)

22.    No response is required to ACQIS's incorporation by reference of the foregoing Paragraphs of ACQIS's FAC.  To the extent a response is deemed required, EMC incorporates and re-alleges the responses and averrals in Paragraphs 1-21 above as if fully set forth herein.

23.    EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and therefore denies these allegations.

24.    EMC denies each and every allegation contained in Paragraph 24.

25.     EMC admits that it had knowledge of the existence of the '416 Patent at least as early as on or around May 3, 2013.

26.     EMC denies each and every allegation contained in Paragraph 26.

27.     EMC denies each and every allegation contained in Paragraph 27.

28.     EMC denies each and every allegation contained in Paragraph 28.

29.     EMC denies each and every allegation contained in Paragraph 29.

30.     EMC denies each and every allegation contained in Paragraph 30.

**Second Cause of Action**
**(Infringement of the '624 Patent)**

31.     No response is required to ACQIS's incorporation by reference of the foregoing Paragraphs of ACQIS's FAC.  To the extent a response is deemed required, EMC incorporates and re-alleges the responses and averrals in Paragraphs 1-30 above as if fully set forth herein.

32.     EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and therefore denies these allegations.

33.     EMC denies each and every allegation contained in Paragraph 33.

34.     EMC admits that it had knowledge of the existence of the '624 Patent at least as early as on or around May 3, 2013.

35.     EMC denies each and every allegation contained in Paragraph 35.

36.     EMC denies each and every allegation contained in Paragraph 36.

37.     EMC denies each and every allegation contained in Paragraph 37.

38.     EMC denies each and every allegation contained in Paragraph 38.

39.     EMC denies each and every allegation contained in Paragraph 39.

**Third Cause of Action**
**(Infringement of the '487 Patent)**

40.     No response is required to ACQIS's incorporation by reference of the foregoing
Paragraphs of ACQIS's FAC.  To the extent a response is deemed required, EMC incorporates
and re-alleges the responses and averrals in Paragraphs 1-39 above as if fully set forth herein.

41.     EMC lacks knowledge or information sufficient to form a belief as to the truth of
the remaining allegations in Paragraph 41, and therefore denies these allegations.

42.     EMC denies each and every allegation contained in Paragraph 42.

43.     EMC admits that it had knowledge of the existence of the '487 Patent at least as
early as on or around May 3, 2013.

44.     EMC denies each and every allegation contained in Paragraph 44.

45.     EMC denies each and every allegation contained in Paragraph 45.

46.     EMC denies each and every allegation contained in Paragraph 46.

47.     EMC denies each and every allegation contained in Paragraph 47.

48.     EMC denies each and every allegation contained in Paragraph 48.

**Fourth Cause of Action**
**(Infringement of the '873 Patent)**

49.     No response is required to ACQIS's incorporation by reference of the foregoing
Paragraphs of ACQIS's FAC.  To the extent a response is deemed required, EMC incorporates
and re-alleges the responses and averrals in Paragraphs 1-48 above as if fully set forth herein.

50.     EMC lacks knowledge or information sufficient to form a belief as to the truth of
the remaining allegations in Paragraph 50, and therefore denies these allegations.

51.     EMC denies each and every allegation contained in Paragraph 51.

52.     EMC admits that it had knowledge of the existence of the '873 Patent at least as
early as on or around May 3, 2013.

53.     EMC denies each and every allegation contained in Paragraph 53.

54.     EMC denies each and every allegation contained in Paragraph 54.

55.     EMC denies each and every allegation contained in Paragraph 55.

56.     EMC denies each and every allegation contained in Paragraph 56.

57.     EMC denies each and every allegation contained in Paragraph 57.

**Fifth Cause of Action**
**(Infringement of the '294 Patent)**

58.     No response is required to ACQIS's incorporation by reference of the foregoing Paragraphs of ACQIS's FAC.  To the extent a response is deemed required, EMC incorporates and re-alleges the responses and averrals in Paragraphs 1-57 above as if fully set forth herein.

59.     EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59, and therefore denies these allegations.

60.     EMC denies each and every allegation contained in Paragraph 60.

61.     EMC admits that it had knowledge of the existence of the '294 Patent at least as early as on or around May 3, 2013.

62.     EMC denies each and every allegation contained in Paragraph 62.

63.     EMC denies each and every allegation contained in Paragraph 63.

64.     EMC denies each and every allegation contained in Paragraph 64.

65.     EMC denies each and every allegation contained in Paragraph 65.

66.     EMC denies each and every allegation contained in Paragraph 66.

**Sixth Cause of Action**
**(Infringement of the '814 Patent)**

67.     No response is required to ACQIS's incorporation by reference of the foregoing Paragraphs of ACQIS's FAC.  To the extent a response is deemed required, EMC incorporates and re-alleges the responses and averrals in Paragraphs 1-66 above as if fully set forth herein.

68.     EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and therefore denies these allegations.

69.     EMC denies each and every allegation contained in Paragraph 69.

70.     EMC admits that it had knowledge of the existence of the '814 Patent at least as early as on or around May 3, 2013.

71.     EMC denies each and every allegation contained in Paragraph 71.

72.     EMC denies each and every allegation contained in Paragraph 72.

73.     EMC denies each and every allegation contained in Paragraph 73.

74.     EMC denies each and every allegation contained in Paragraph 74.

75.     EMC denies each and every allegation contained in Paragraph 75.

**Seventh Cause of Action**
**(Infringement of the '171 Patent)**

76.     No response is required to ACQIS's incorporation by reference of the foregoing Paragraphs of ACQIS's FAC.  To the extent a response is deemed required, EMC incorporates and re-alleges the responses and averrals in Paragraphs 1-75 above as if fully set forth herein.

77.     EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and therefore denies these allegations.

78.     EMC denies each and every allegation contained in Paragraph 78.

79.     EMC admits that it had knowledge of the existence of the '171 Patent at least as early as on or around May 3, 2013.

80.     EMC denies each and every allegation contained in Paragraph 80.

81.     EMC denies each and every allegation contained in Paragraph 81.

82.     EMC denies each and every allegation contained in Paragraph 82.

83.     EMC denies each and every allegation contained in Paragraph 83.

84.     EMC denies each and every allegation contained in Paragraph 84.

**Eighth Cause of Action**
**(Infringement of the '468 Patent)**

85.     No response is required to ACQIS's incorporation by reference of the foregoing Paragraphs of ACQIS's FAC.  To the extent a response is deemed required, EMC incorporates and re-alleges the responses and averrals in Paragraphs 1-84 above as if fully set forth herein.

86.     EMC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86, and therefore denies these allegations.

87.     EMC denies each and every allegation contained in Paragraph 87.

88.     EMC admits that it had knowledge of the existence of the '468 Patent at least as early as September 12, 2013.

89.     EMC denies each and every allegation contained in Paragraph 89.

90.     EMC denies each and every allegation contained in Paragraph 90.

91.     EMC denies each and every allegation contained in Paragraph 91.

92.     EMC denies each and every allegation contained in Paragraph 92.

93.     EMC denies each and every allegation contained in Paragraph 93.

<u>**RESPONSE TO PLIANTIFF'S PRAYER FOR RELIEF**</u>

94.     A response is not required to ACQIS's prayer for relief.  To the extent that a response is deemed required, EMC denies that ACQIS is entitled to be awarded any relief whatsoever.  EMC has not infringed, directly or indirectly, any valid and enforceable claim of the patents-in-suit, and ACQIS is not entitled to any remedy or recovery.  ACQIS's prayer should therefore be denied in its entirety and with prejudice, and ACQIS should take nothing.

## DEMAND FOR JURY TRIAL

95.     A response is not required to ACQIS's demand for a jury trial.  To the extent that a response is deemed required, EMC also requests a jury trial for all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

96.     EMC asserts the following defenses to ACQIS's FAC.  Assertion of a defense is not a concession that EMC has the burden of proving the matter asserted.  In addition to the defenses described below, EMC expressly reserves the right to allege additional defenses as they become known through the course of discovery:

### FIRST AFFIRMATIVE DEFENSE
### (Non-Infringement)

97.     EMC does not infringe any valid and enforceable claim of the Patents-in-Suit.

98.     EMC has neither induced nor contributed to the infringement of any valid and enforceable claim of the Patents-in-Suit.

### SECOND AFFIRMATIVE DEFENSE
### (Invalidity)

99.     One or more claims of the Patents-in-Suit are invalid for failure to satisfy one or more of the requirements of the Patent Act, 35 U.S.C. § 1, *et seq.*, including, but not limited to, the conditions of patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### THIRD AFFIRMATIVE DEFENSE
### (Laches, Estoppel, and Waiver)

100.    ACQIS's claims for relief against EMC are barred in whole or in part by the equitable doctrines of laches, estoppel, waiver, and/or implied waiver.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

101.    ACQIS is not entitled to any relief or recovery by reason of its coming into this

Court with unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

102.    The FAC fails to state a claim against EMC upon which relief can be granted,

including ACQIS's claim as to indirect infringement.

## SIXTH AFFIRMATIVE DEFENSE
### (No Injunctive Relief)

103.    ACQIS is not entitled to injunctive relief because the alleged injury to ACQIS is

not immediate or irreparable and ACQIS has an adequate remedy at law for any alleged injury.

## SEVENTH AFFIRMATIVE DEFENSE
### (Limitation on Damages)

104.    In the event EMC is found to infringe any valid and enforceable claims of the

Patents-in-Suit, any such damages are limited by, without limitation, 35 U.S.C. §§ 252, 286, and

287.

## EIGHTH AFFIRMATIVE DEFENSE
### (Prosecution History Estoppel and Disclaimer)

105.    ACQIS's claims for relief against EMC are barred in whole or in part by the

doctrines of prosecution estoppel and/or prosecution disclaimer.

## NINTH AFFIRMATIVE DEFENSE
### (Non-Statutory Double Patenting)

106.    One or more of the asserted claims is invalid because of the judicially created

doctrine of obviousness-type double patenting.

## TENTH AFFIRMATIVE DEFENSE
### (Government Sales)

107.    ACQIS'S claims for relief against EMC are barred in whole or in part by 28

U.S.C. § 1498.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Comply with 35 U.S.C. § 251)

108.    One or more of the claims of the Patents-in-Suit are invalid for failure to comply

with 35 U.S.C. § 251.

## PRAYER FOR RELIEF

WHEREFORE, EMC seeks the following relief:

A.    That the Court enter judgment for EMC against ACQIS on its First Amended

Complaint as against EMC;

B.    That ACQIS taking nothing by its First Amended Complaint as against EMC;

C.    That the Court dismiss each of ACQIS's claims against EMC with prejudice;

D.    That each and every claim of the patents-in-suit be declared not infringed and/or

invalid and/or unenforceable;

E.    That pursuant to 35 U.S.C. § 285 and/or other applicable laws, ACQIS's conduct

commencing and pursuing its claims of patent infringement be found to render this an

exceptional case and that EMC be awarded its attorneys' fees incurred in connection with this

actions;

F.    That the Court award EMC its costs of suit; and

G.    That EMC be awarded such other and further relief as the Court deems just and

proper.

Dated: December 6, 2013
   New York, New York    GIBSON, DUNN & CRUTCHER LLP

                */s/Benjamin Hershkowitz*
                Josh Krevitt
                Benjamin Hershkowitz
                Nathan Curtis
                Jessica Greenbaum
                GIBSON, DUNN & CRUTCHER LLP
                200 Park Avenue
                New York, NY 10166-0193
                Telephone: (212) 351-4000
                bhershkowitz@gibsondunn.com

                *Attorneys for Defendant EMC Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2013, a true and correct copy of the foregoing document was served on all attorneys of record who have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).


*/s/ Benjamin Hershkowitz*
Benjamin Hershkowitz

1