**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | |
|---|---|
| ACQIS LLC, | |
| Plaintiff, | CIVIL ACTION NO. 6:13-CV-00639 (LED) |
| vs. | JURY DEMANDED |
| EMC CORPORATION, | |
| Defendant. | |

## DEFENDANT EMC CORPORATION'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO TRANSFER VENUE

## TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................... 1

II.     THE DISTRICT OF MASSACHUSETTS IS CLEARLY MORE CONVENIENT ............. 1

        A.    The Private Interest Factors Overwhelmingly Favor Transfer ..................................... 2

              1.    Transfer Will Increase The Parties' Relative Ease Of Access To Evidence .......... 2

              2.    Transfer Will Ease The Substantial Burdens On All Of EMC's Witnesses ......... 2

              3.    Transfer Will Allow Compulsory Process For Non-Party Witnesses ................... 3

        B.    Considerations of Judicial Economy Do Not Preclude Transfer ................................. 3

III.    CONCLUSION ............................................................................................................. 5

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*ColorQuick, L.L.C. v. Vistaprint Ltd.*,
  No. 6:09-cv-323, 2010 WL 5136050 (E.D. Tex. July 22, 2010)........................................4, 5

*In re EMC Corp.* ("*EMC II*"),
  501 F. App'x 973 (Fed. Cir. 2013) ................................................................................1, 5

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) ...................................................................................2, 3

*Lava Trading, Inc. v. Sonic Trading Mgmt., LLC*,
  445 F.3d 1348 (Fed. Cir. 2006) .........................................................................................4

*In re Microsoft Corp.*,
  630 F.3d 1361 (Fed. Cir. 2011) ........................................................................................1

*In re Morgan Stanley*,
  417 F. App'x 947 (Fed. Cir. 2011) ...................................................................................5

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) ............................................................................................2

*U.S. Ethernet Innovations, LLC v. Acer, Inc.*,
  No. 6:09-cv-448, 2010 WL 2771842 (E.D. Tex. July 13, 2010)..........................................4

*In re Vistaprint Ltd.*,
  628 F.3d 1342 (Fed. Cir. 2010) ....................................................................................4, 5

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) ............................................................................................2

*In re Zimmer Holdings, Inc.*,
  609 F.3d 1378 (Fed. Cir. 2010) ........................................................................................5

## TABLE OF ABBREVIATIONS

1/17/14 Conway Decl. ......................................................... 1/17/14 Declaration of Peter Conway

1/22/14 Curtis Decl. ...................................................... 1/22/14 Declaration of Nathan R. Curtis

1/16/14 Hayden Decl. ...................................................... 1/16/14 Declaration of John M. Hayden

Mot. .......................................................... Def. EMC Corp.'s Mot. to Transfer Venue [D.I. 21]

Nasuti Decl. ....................................................................................... Declaration of Alan Nasuti

Opp. ...............Pl. ACQIS LLC's Resp. in Opp. to EMC Corp.'s Mot. to Transfer Venue [D.I. 25]

Sauer Decl. ......................................................................................... Declaration of Peter J. Sauer

## I.       INTRODUCTION

In its motion to transfer, EMC demonstrated "this is 'a classic case where the plaintiff is attempting to game the system by artificially seeking to establish venue.'"  Mot. 8 (citation omitted).  ACQIS scarcely disputes it.  Indeed, ACQIS concedes its "witnesses and evidence are located in Northern California" and that "the sources of proof in this litigation are not in Texas." Opp. 9.  ACQIS's *only* asserted connection to Texas is its corporate citizenship, Opp. 12, "which is no more meaningful" than other attempts at venue manipulation, *In re Microsoft Corp.*, 630 F.3d 1361, 1365 (Fed. Cir. 2011).

And far from showing that the public and private interest factors counsel against transfer, ACQIS admits maintaining this suit in this Court would "inconvenience" EMC's witnesses, Opp. 1, and it does not point to any concrete burdens its own witnesses would suffer if this case were to proceed in Massachusetts, Opp. 11.  Nor does it argue that access to evidence or availability of compulsory process favors trying this case in this District.  Opp. 9–12.  And it both "concedes" that the "local interest" factor counsels "in favor of transfer" and "agrees . . . that the remaining public interest factors are neutral."  Opp. 12.

ACQIS's *only* asserted basis for maintaining this suit in this Court is "judicial economy" that supposedly arises from ACQIS's other litigation here.  Opp. 12.  But the efficiencies it hypothesizes are insubstantial and in any event cannot "dominate the transfer inquiry."  *In re EMC Corp.* ("*EMC II*"), 501 F. App'x 973, 976 (Fed. Cir. 2013).  This case should be transferred since the private and public factors favor transfer.

## II.      THE DISTRICT OF MASSACHUSETTS IS CLEARLY MORE CONVENIENT

ACQIS does not dispute that it could have brought this action in the District of Massachusetts; it suggests only that this forum is not clearly less convenient.  Opp. 12.  To bolster that claim, ACQIS dismisses the private interest factors clearly favoring transfer—access to evidence, witness convenience, and availability of compulsory process—as "neutral."  Opp. 9–12.  It then attempts to accord dispositive weight to the one consideration that it claims counsels against transfer, contending that "[j]udicial economy is the most relevant and important

factor." Opp. 1; *see* Opp. 5–9.  Both assertions lack merit.

      **A.**      <u>**The Private Interest Factors Overwhelmingly Favor Transfer**</u>

      1.      <u>Transfer Will Increase The Parties' Relative Ease Of Access To Evidence</u>

ACQIS admits that "the sources of proof in this litigation are not in Texas" and that EMC's evidence is "located in Massachusetts," but maintains that the relative ease of access to the evidence "does not favor transfer" because it is "scattered throughout the country" and "likely maintained in electronic form." Opp. 9.  ACQIS ignores key facts and binding precedent.

That evidence is located in Massachusetts, Washington, and California does not render this factor neutral.  "[T]he question is *relative* ease of access, not *absolute* ease of access." *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) (per curiam).  ACQIS concedes there is *no* relevant evidence in Texas.  Opp. 9.  While some evidence may be located in other Districts, that fact alone does not render irrelevant the District of Massachusetts's comparative advantage over this District in that respect.  *See In re Genentech, Inc.*, 566 F.3d 1338, 1345–46 (Fed. Cir. 2009) ("district court clearly erred" in concluding this factor was neutral simply because other evidence was stored in multiple jurisdictions).  Whether this case proceeds in Tyler or Boston, the evidence housed in California and Washington "will need to be transported in any event." *Id.* at 1346.  Moving that evidence to a forum in which *no* sources of proof reside makes little sense.

ACQIS's claim that this factor "deserves little weight where the evidence is maintained in electronic form," Opp. 10, is likewise incorrect.  While it relies on a non-precedential decision from the Eastern District of Virginia to support this claim, Opp. 10, this precise argument was "rejected [by the Fifth Circuit] because it would render this factor superfluous," *Genentech*, 566 F.3d at 1346 (citing *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 316 (5th Cir. 2008) (en banc)).  Moreover, the accused products are maintained in EMC's Massachusetts facilities.  1/17/14 Conway Decl.; 1/16/14 Hayden Decl.  Transfer would thus enhance the parties' relative ease of access to the central evidence in this case—the accused products themselves.

      2.      <u>Transfer Will Ease The Substantial Burdens On All Of EMC's Witnesses</u>

Although "[t]he convenience of witnesses is probably the single most important factor in

[a] transfer analysis," *Genentech*, 566 F.3d at 1343 (citation omitted), ACQIS dismisses the undisputed burdens this forum imposes on EMC's witnesses as "relatively minor," Opp. 1, because "just a few EMC witnesses based in Massachusetts will benefit," Opp. 11.  In fact, EMC has roughly *10,000* employees in Massachusetts, *900* of whom work on its VMAX Series products, and five potential Seattle witnesses frequently travel to EMC's Massachusetts headquarters.  Mot. 4, 10, 11.  Massachusetts is also the epicenter of EMC's operations.  Mot. 4.

By contrast, ACQIS points to *no* actual inconvenience that its few potential witnesses, all of whom reside on the West Coast, will face if this case proceeds in Boston rather than Tyler.  It suggests that "this Court's practice of holding short, streamlined trials" will make for a briefer time away from home.  Opp. 11.  But ACQIS elsewhere concedes that considerations of court congestion are neutral, Opp. 12, and it never addresses the fact that the District of Massachusetts, like this Court, has procedures for adjudicating patent infringement claims efficiently, Mot. 15.  Because ACQIS's witnesses "will be traveling a great distance no matter which venue the case is tried in," *Genentech*, 566 F.3d at 1345, it makes sense to resolve this dispute in a forum that is far more convenient for both the Massachusetts and Washington witnesses than this one.

      3.      <u>Transfer Will Allow Compulsory Process For Non-Party Witnesses</u>

After incorrectly characterizing the documented burdens on EMC's witnesses as "speculative," ACQIS engages in some speculation of its own, claiming that "EMC's non-party witnesses . . . will probably travel to trial."  Opp. 1.  But if the bare assertion that non-party witnesses "will probably travel to trial" were enough to eliminate compulsory process concerns, this factor would largely cease to play a role in the transfer analysis.  At any rate, ACQIS's speculation is unfounded.  Natan Vishlitzky, a former EMC employee and the chief architect of VMAX's predecessor, has stated that he is unwilling to travel to Texas to testify.  Nasuti Decl.

**B.**      <u>**Considerations of Judicial Economy Do Not Preclude Transfer**</u>

ACQIS's claim that considerations of judicial economy overwhelm every other public and private interest factor in this case, *see* Opp. 12, is factually and legally insupportable.

To start, ACQIS's overstates this Court's previous experience with the patents asserted in

this suit. Opp. 7–9. ACQIS's 2009 litigation, for instance, involved "only *one* of the [eight] patents asserted against EMC in this case—the '416 Patent," Opp. 8 (emphasis added), from which only *one* claim resulted in a finding of infringement, Opp. 2. Cases in which judicial economy concerns play a leading role tend to have a far greater overlap. *See, e.g.*, *U.S. Ethernet Innovations, LLC v. Acer, Inc.*, No. 6:09-cv-448, 2010 WL 2771842, at *6–8 (E.D. Tex. July 13, 2010) (prior claim construction of three out of the four patents asserted) (cited at Opp. 5). And ACQIS's 2011 suit against IBM—which again involved only one patent asserted in this case— settled within two months of filing, well before this Court construed any claims or decided any substantive matter. 1/22/14 Curtis Decl., Ex. 1; *see* Opp. 2.

The accused products in ACQIS's prior litigation also differ from the ones at issue here. Those actions involved neither EMC nor its products and were directed toward "blade server products." First Am. Compl. ¶ 19. In fact, ACQIS admits that its infringement allegations against EMC's accused storage systems will be different from its allegations against the accused blade servers in the earlier cases. Mot. 4. As a result, issues of claim construction, non-infringement, and validity may differ. And in any event, this Court will still have to familiarize itself with EMC's products before it analyzes any of these issues. *See Lava Trading, Inc. v. Sonic Trading Mgmt., LLC*, 445 F.3d 1348, 1350 (Fed. Cir. 2006) ("Without knowledge of the accused products, [a] court . . . lacks a proper context for an accurate claim construction.").

The limited overlap between ACQIS's past and present suits puts this case on markedly different footing than the action at issue in *In re Vistaprint Ltd.*, 628 F.3d 1342 (Fed. Cir. 2010), on which ACQIS heavily relies, *see* Opp. 5–8. In *Vistaprint*, the trial court was "very familiar with the *only asserted* patent and the related technology." 628 F.3d at 1347 n.3 (emphasis added). Here, by contrast, this Court may be familiar with only one out of *eight* patents asserted against EMC from its experience with a case involving different products. That a patent has been previously "litigated in a particular venue" does not give its owner "a free pass to maintain all future litigation involving that patent in that venue," and the lack of significant overlap here entitles ACQIS to no such privilege. *Id.*; *see also ColorQuick, L.L.C. v. Vistaprint Ltd.*, No.

4

6:09-cv-323, 2010 WL 5136050, at *8 (E.D. Tex. July 22, 2010) (judicial economy stemming from prior litigation "is only relevant . . . where there is substantial overlap between the cases").

ACQIS's attempt to parlay its contemporaneous litigation against unrelated defendants into a bar against transfer here similarly comes up short. ACQIS asserts that transfer would increase the "risk of contradictory rulings on common issues." Opp. 5. But "MultiDistrict Litigation Procedures exist" to address precisely such issues. *EMC II*, 501 F. App'x at 976. And at any rate, EMC's accused products are distinct from the other defendants'. Whereas EMC's accused products are storage systems, the accused Ericsson and Huawei products include blade servers, Sauer Decl., Ex. C.; First Am. Compl. ¶ 23, *ACQIS LLC v. Ericsson, Inc.*, No. 13-640 (E.D. Tex. Sept. 27, 2013), and the primary accused Alcatel-Lucent product is a "Media Gateway Controller," First Am. Compl. ¶ 22, *ACQIS LLC v. Alcatel-Lucent USA, Inc.*, No. 13-638 (E.D. Tex. Sept. 27, 2013). Each case involves different products made by different defendants, raising the potential of disparate claim construction and non-infringement issues.

Finally, the Federal Circuit has forcefully "rejected arguments that the preservation of judicial economy should preclude transfer to a far more convenient venue," *In re Morgan Stanley*, 417 F. App'x 947, 949 (Fed. Cir. 2011) (per curiam), particularly in cases, like this one, involving a clearly more convenient transferee forum as well as an attempt at venue manipulation, *see, e.g.*, *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1381–82 (Fed. Cir. 2010). Indeed, *Vistaprint* proves the point: in blessing the district court's reliance on judicial economy, the Federal Circuit pointed out that "there is no evidence that [venue] manipulation has occurred in this case," that "no defendant party is actually located in the transferee venue," and that "the presence of the witnesses in that location is not overwhelming." 628 F.3d at 1346–47. By contrast, a denial of transfer in this case—where ACQIS does not contest that its contacts with this District exist for the sole purpose of manipulating venue and where the transferee forum is clearly more convenient for EMC and its witnesses—would only invite further litigation abuse.

### III.   CONCLUSION

EMC respectfully requests that the Court transfer this action.

January 23, 2014                    Respectfully submitted,

                                   */s/ Josh A. Krevitt*
                                   Josh A. Krevitt
                                   New York State Bar Number 2568228
                                   jkrevitt@gibsondunn.com
                                   Benjamin Hershkowitz
                                   New York State Bar Number 2600559
                                   bhershkowitz@gibsondunn.com
                                   Jessica Greenbaum
                                   New York State Bar Number 5112214
                                   jgreenbaum@gibsondunn.com
                                   GIBSON, DUNN & CRUTCHER LLP
                                   200 Park Avenue
                                   New York, NY 10166
                                   Telephone: 212.351.4000
                                   Facsimile: 212.351.4035

                                   Matthew D. McGill
                                   New York State Bar Number 3960770
                                   mmcgill@gibsondunn.com
                                   GIBSON, DUNN & CRUTCHER LLP
                                   1050 Connecticut Avenue, N.W.
                                   Washington, DC 20036
                                   Telephone: 202.955.8500
                                   Facsimile: 202.467.0539

                                   Nathan R. Curtis
                                   Texas State Bar Number 24078390
                                   ncurtis@gibsondunn.com
                                   GIBSON, DUNN & CRUTCHER LLP
                                   2100 McKinney Avenue
                                   Dallas, TX 75201
                                   Telephone: 214.698.3100
                                   Facsimile: 214.571.2900

                                   *Attorneys for EMC Corporation*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV–5(a).  As such, this document was served on all counsel who have consented to electronic service on January 23, 2014.

*/s/ Josh A. Krevitt*
Josh A. Krevitt
