**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| ACQIS LLC,<br><br>               Plaintiff,<br><br>    v.<br><br>EMC Corporation,<br><br>               Defendant. | Case No. 6:13-CV-00639 (LED)<br>**Jury Trial Demanded** |

**PLAINTIFF ACQIS LLC'S SUR-REPLY IN OPPOSITION TO
DEFENDANT EMC CORPORATION'S MOTION TO TRANSFER VENUE**

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................ 1

II. THIS CASE PRESENTS MORE SIGNIFICANT JUDICIAL ECONOMY
    CONCERNS THAN THOSE AT PLAY IN *VISTAPRINT* ............................... 2

    A.  This Court Has More Experience With the Patents and Technology Than
        the Court in *Vistaprint* ......................................................................... 2

    B.  In this Case, the Number of Related Pending Cases and Patents-in-Suit
        Create Even Greater Efficiency Considerations than *Vistaprint* Presented .......... 3

III. THE OTHER PRIVATE INTEREST FACTORS DO NOT OVERCOME
     JUDICIAL EFFICIENCY CONCERNS ............................................................ 4

    A.  Access to Evidence and Witness Convenience Do Not Favor Transfer ................ 4

    B.  Compulsory Process for an Unnecessary Witness Should Not Weigh In
        Favor of Transfer ................................................................................... 5

IV. CONCLUSION.................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ColorQuick, LC v. Vistaprint Ltd.*,
  Case No. 6:09-CV-323, 2010 WL 5136050 (E.D. Tex. July 22, 2010) ................................2, 3

*Deprag, Inc. v. Mine Shield, LLC*,
  Case No. 4:12-cv-320, 2014 U.S. Dist. LEXIS 711 (E.D. Tex. Jan. 3, 2014).........................4

*Smart Audio Techs., LLC v. Apple, Inc.*,
  910 F. Supp. 2d 718 (D. Del. 2012)....................................................................................5

*In re Vistaprint Ltd*,
  628 F.3d 1342 (Fed. Cir. 2010)........................................................................................2, 3

## I.    INTRODUCTION

EMC's claims that ACQIS is attempting to "game the system" and engaging in "litigation abuse" are not supported by the facts.  Of the defendants in the other ACQIS cases now before this Court, Huawei Technologies USA and Ericsson are headquartered in this District.  The other, Alcatel-Lucent, has several offices in this District and conducts significant business throughout Texas.  Like the other defendants, EMC is a global multi-billion-dollar corporation, with a significant presence in Texas.  EMC sells millions of dollars of potentially-infringing products in Texas and this District, even selling relevant hardware, software, and services to the Tyler Independent School District. (Declaration of Peter J. Sauer ("Sauer Decl."), Ex. I.)  But, despite its contacts with this District, EMC complains that ACQIS is abusing the system and trying to "artificially…establish venue."  (EMC's Motion to Transfer ("Motion") at 8); (EMC's Reply ("Reply") at 1.)  Only EMC is gaming the system by exaggerating convenience concerns and seeking transfer from the most efficient forum to its own backyard.

Despite EMC's claims, transferring this case will force another federal court to oversee litigation nearly identical to the other ACQIS cases proceeding before this Court, significantly increasing the cost on the judicial system and the parties.  EMC also dismisses this Court's significant experience with the patents and technology at issue, experience that will bring efficiency and consistency.  Finally, EMC exaggerates the convenience transfer may provide and cherry-picks a nonparty witness to support its transfer argument.  If transferred, only a few EMC witnesses residing in Massachusetts will benefit, and that benefit will only accrue if and when this case is tried.  In sum, EMC fails to meet its significant burden to support transfer.  Because Boston is not clearly more convenient than Tyler, EMC's Motion to Transfer should be denied.

## II.     THIS CASE PRESENTS MORE SIGNIFICANT JUDICIAL ECONOMY CONCERNS THAN THOSE AT PLAY IN *VISTAPRINT*

### A.     This Court Has More Experience With the Patents and Technology Than the Court in *Vistaprint*

EMC's attempt to distinguish *Vistaprint* and downplay the import of this Court's prior experience and knowledge does not withstand a close look.  (Reply at 4.)  In *Vistaprint*, the prior related litigation only went through claim construction.  *In re Vistaprint Ltd*, 628 F.3d 1342, 1344 (Fed. Cir. 2010).  Here, the Court presided over claim construction, dispositive motions, trial, post-trial, and a second related suit, becoming very familiar with the patents.   (ACQIS's Response in Opposition ("Opp.") at 2, 8.)   Also, while only one patent was involved in *Vistaprint*, there are eight patents asserted here allowing for even greater efficiencies if this case remains in Texas.

Even though this case and the 2009 Litigation only share one patent, there is far more overlap among the patents-in-suit.  Along with the common '416 Patent, three of the patents asserted against EMC, the '624, '487, and '873 Patents, are from the same family as the three patents tried to the jury in the 2009 Litigation.  Verdict Form, Dkt. No. 655, 2009 Litigation (along with the '416 Patent, the 7,363,415 and 7,376,779 Patents were tried); (Opp., Ex. D.) And, as shown in Exhibit G to ACQIS's Opposition, the claim terms at issue are similar across all of the patents-in-suit, including those outside of the '416 Patent family.  So, despite only one common patent, there is substantial overlap in claim terms and subject matter between the patents asserted against EMC and those in the 2009 Litigation.

Finally, this Court's familiarity with the underlying technology is also significant and weighs against transfer.  EMC argues that, because the products are different, this Court's familiarity with the underlying technology is of little worth.  (*See* Reply at 4-5.)  But this Court rejected that argument in *ColorQuick*: "Although the defendants and products in this case are

different from those in the previous case, the underlying technology is substantially similar.  The parties and the judiciary would benefit from the Court's familiarity with the patent-in-suit, which would require a substantial investment of time, energy and money to replicate."  *ColorQuick, LLC v. Vistaprint Ltd.*, Case No. 6:09-CV-323, 2010 WL 5136050, at *8 (E.D. Tex. July 22, 2010).  Like *ColorQuick*, the underlying technology in this case is similar to that of the prior litigation. (Compare Sauer Decl., IBM BladeCenter Data Sheet, Ex. J at 2, with Opp., Exs. A–C.)  Even though the utility of EMC's products may be different, the components relevant to infringement—processors, chipsets, network communications components, and peripheral components—are similar.  *Id.*  Although the Court must familiarize itself with the products at issue, its knowledge of the underlying technology is still useful and weighs against transfer.

**B.     In this Case, the Number of Related Pending Cases and Patents-in-Suit Create Even Greater Efficiency Considerations than *Vistaprint* Presented**

The commonality between this case and the other ongoing ACQIS cases presents a stronger case for denying transfer than there was in *Vistaprint.  See In re Vistaprint*, 628 F.3d at 1344.  In *Vistaprint*, the court found that considerations of consistency and judicial economy weighed against transfer with only one co-pending case and one patent-in-suit.  In contrast, here there are two other cases with eight common patents, and a third with six common patents.  The greater number of patents and cases at issue here increases the efficiencies that will result from maintaining all ACQIS litigation in this Court.

EMC's attempt to downplay the similarity between this case and the three other co-pending cases focuses on superficial differences in the accused products. (*See* Reply at 5.)  EMC does not even dispute the infringement-related similarities shown in ACQIS's Opposition.  *Id.*  While it is true that EMC's products are somewhat different from Alcatel's, Ericsson's, and Huawei's, the components related to infringement are analogous. (Opp., Exs. A-C.)

- 3 -

Accordingly, judicial efficiency concerns in this case weigh strongly against transfer.

## III.  THE OTHER PRIVATE INTEREST FACTORS DO NOT OVERCOME JUDICIAL EFFICIENCY CONCERNS

### A.  Access to Evidence and Witness Convenience Do Not Favor Transfer

Transfer will have no effect on access to evidence and what little convenience EMC witnesses may gain will be offset by inconvenience to the prosecuting attorney and ACQIS witnesses.  Even if transfer would yield a substantial benefit, it is insufficient to overcome the weight of the judicial efficiency promoted by denying transfer.

Despite EMC's arguments, the fact that almost all of the evidence in this case will be maintained in electronic form minimizes the importance of this factor.  *See Deprag, Inc. v. Mine Shield, LLC*, 2014 U.S. Dist. LEXIS 711, at *15 (E.D. Tex. Jan. 3, 2014) ("The accessibility and location of sources of proof are of slight significance due to the increasing ease of storage, communication, copying, and transportation of documents and information.") (quotation omitted).  In practice, moving this case to Massachusetts will not increase access to evidence for either party.  Not only is the evidence distributed between Washington, Northern California, and Massachusetts, but the evidence required by the parties will change hands well before trial.  In addition, any depositions will take place where the witness resides, and inspections of accused products will occur on site.

EMC's witness-convenience argument is also flawed, ignoring the increased burden on nonparty and ACQIS witnesses transfer will cause.  If this case is transferred, EMC will no longer be part of a jointly-managed discovery process, creating convenience issues for certain witnesses.  For example, instead of a coordinated multiparty deposition of Kent Tobin, the prosecuting attorney for the patents-in-suit, Mr. Tobin will likely sit for multiple uncoordinated depositions.  In all likelihood, ACQIS's corporate witnesses will also be subject to multiple

uncoordinated depositions.   Accordingly, the inconvenience resulting from uncoordinated discovery along with the distributed locations of party and nonparty witnesses, (Opp. at 11), neutralize the convenience transfer may provide for EMC's Massachusetts witnesses.

Because this case presents minimal concerns of access to evidence and witness convenience is neutral, these factors should not weigh heavily in the transfer analysis.

### B.   Compulsory Process for an Unnecessary Witness Does Not Weigh In Favor of Transfer

EMC's Reply focuses on one nonparty witness Natan Vishlitzky who, after discussing this case with EMC, now indicates that he is unwilling to travel to Texas for trial.  (Reply at 3.) Mr. Vishlitzky is a former EMC employee and was the chief architect of the *predecessor* to the accused VMAX product.  *Id.*  EMC does not explain why Mr. Vishlitzky's testimony is required, why it is important, or why video testimony will not suffice.  And, with at least 900 current EMC employees working on the VMAX product, EMC does not explain why Mr. Vishlitzky's testimony is unique when compared to its current employees whom EMC can require to attend trial.  *Id.*; *See Smart Audio Techs., LLC v. Apple, Inc.*, 910 F. Supp. 2d 718, 733 (D. Del. 2012) (in determining whether availability of compulsory process weighs in favor of transfer it is the defendant's burden to show why nonparty testimony is necessary).  Accordingly, because EMC does not explain why Mr. Vishlitzky's testimony is required or relevant, whether compulsory process is available to secure his testimony does not weigh in favor of transfer.

### IV.   CONCLUSION

For the reasons set forth above and in ACQIS's Opposition, ACQIS respectfully requests that EMC's Motion to Transfer be denied.

- 6 -

Dated:  February 3, 2014

Respectfully submitted,

/s/    Peter J. Sauer

James P. Brogan
jbrogan@cooley.com
Wayne O. Stacy, State Bar #24008070
wstacy@cooley.com
Peter J. Sauer (*pro hac vice*)
psauer@cooley.com
COOLEY LLP
380 Interlocken Crescent, Ste. 900
Broomfield, CO  80021-8023
Telephone:     (720) 566-4000
Facsimile:     (720) 566-4099

Thomas J. Friel, Jr.
tfriel@cooley.com
COOLEY LLP
101 California Street, 5th Floor
San Francisco, CA  94111-5800
Telephone:     (415) 693-2000
Facsimile:     (415) 693-2222

George E. Chandler
gchandler@cmzlaw.net
Michael K. Mathis
kmathis@cmzlaw.net
W. Perry Zivley, Jr.
pzivley@cmzlaw.net
Chandler, Mathis & Zivley, PC
945 Heights Boulevard
Houston, TX 77008
Telephone: (713) 739-7722
Facsimile: (713) 739-0922

*Attorneys for Plaintiff ACQIS LLC*

- 7 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this **SUR-REPLY IN OPPOSITION TO EMC CORPORATION'S MOTION TO TRANSFER VENUE** was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by facsimile and/or U.S. First Class Mail on February 3, 2014.

_/s/    Peter J. Sauer_

403861/CO